UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **NILESH SHAH** | : | **CASE NO. 1:22-cv-312** |
| | : | |
| **Plaintiff,** | : | **JUDGE** _____ |
| | : | |
| v. | : | |
| | : | |
| **FORTIVE CORPORATION,** | : | **PLAINTIFF'S VERIFIED COMPLAINT** |
| | : | **FOR DECLARATORY JUDGMENT,** |
| and | : | **INJUNCTIVE RELIEF AND** |
| | : | **DAMAGES** |
| **ADVANCED STERILIZATION** | : | |
| **PRODUCTS, INC.,** | : | |
| | : | **JURY DEMAND ENDORSED HEREON** |
| and | : | |
| | : | |
| **ADVANCED STERILIZATION** | : | |
| **PRODUCTS SERVICES, INC.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

Comes now Plaintiff Nilesh Shah ("Plaintiff" or "Shah"), by and through counsel, and for his Verified Complaint for Declaratory Judgment, Injunctive Relief and Damages against Defendant Fortive Corporation, Defendant Advanced Sterilization Products, Inc., and Defendant Advanced Sterilization Products Services, Inc. (collectively, "Defendants") alleges as follows:

## PRELIMINARY STATEMENT

1. This matter arises out of Defendants' unlawful termination of Plaintiff's employment and Defendants' breaches of: (1) the employment agreement between Plaintiff and Defendants dated February 18, 2019 and signed by Plaintiff on March 8, 2019, a true and accurate copy of which is attached hereto as **Exhibit A** (the "2019 Contract"); and (2) the employment

agreement between Plaintiff and Defendants dated March 22, 2021 and signed by Plaintiff on May 4, 2021, a true and accurate copy of which is attached hereto as **Exhibit B** (the "2021 Contract").

2. Because of Defendants' unlawful termination of Plaintiff's employment and Defendants' continued breaches of the 2019 and 2021 Contracts, Plaintiff is facing (1) imminent legal action by the Singapore tax authority that could result in, but not be limited to, freezing Plaintiff's bank accounts, selling off his assets, and imprisonment; (2) a current and continuing prohibition from leaving Singapore which has already kept him from attending the funeral of a close family member and is now keeping him from his family in the United states, and from visiting his ailing father in India; and (3) the imminent imposition of thousands of dollars in fines;

3. Accordingly – in addition to the remedies outlined below – immediate injunctive relief is needed from this Court to prevent immediate and irreparable harm to Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. Under 28 U.S.C. § 1331 this Court also has subject matter jurisdiction over this matter as Plaintiff is asserting claims under and 42 U.S.C. §1981 and 28 USCS § 2201.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the Plaintiff resides within this District, the Defendants transact business within this District, and the conduct complained of occurred within this District.

## PARTIES

7. Defendant Fortive Corporation ("Fortive") is a Delaware Corporation with its headquarters in Everett, Washington. Fortive is a diversified industrial growth company comprising businesses that operate globally, including doing business in Cincinnati, Ohio.

8. Defendant Advanced Sterilization Products, Inc., is a Delaware Corporation with its headquarters in Irvine, California.

9. Defendant Advanced Sterilization Products Services, Inc., is a New Jersey Corporation with its headquarters in Irvine, California, and is registered as a foreign corporation doing business in Ohio.

10. Upon information and belief, Defendants Advanced Sterilization Products, Inc. and Advanced Sterilization Products Services, Inc. (collectively "ASP") are each wholly owned by Defendant Fortive Corporation and collectively doing business under the name of "Advanced Sterilization Products (ASP)."

11. ASP provides infection prevention products, solutions, and processes to healthcare practitioners and facilities.

12. Plaintiff Nilesh Shah is an Ohio Resident who was born in India and whose race and ethnicity is Indian/Asian, and whose skin color is consistent therewith. Mr. Shah became a United States citizen through naturalization in 2001.

13. Mr. Shah worked for Defendants from on or about May of 2019 to on or about March 30, 2022.

## FACTS

14. Mr. Shah commenced his employment with Defendants on or about May 2019 as Vice President of International Sales & Service under the terms provided in the 2019 Contract.

15. Among the provisions of the 2019 Contract are the following:

    a. The first paragraph of the first page provides that Mr. Shah's position with the company is "in Cincinnati, OH and on expat assignment to Singapore."

    b. The third full paragraph on the third page provides that Defendants will pay all of Plaintiff's Singapore taxes. This is explicitly provided in the 2019 Contract as follows:

        > **Singapore Expat Allowances**: … **The company will also pay for tax assistance while on assignment to Singapore <u>which includes Singapore tax *obligations*</u> and tax filing assistance in Singapore.** (Emphasis added)

16. In accordance with the 2019 Contract, Defendants paid Mr. Shah's 2020 Singapore taxes, and they and repeatedly assured Mr. Shah they would pay his 2019 Singapore taxes by reimbursing him for the portion of 2019 Singapore taxes he paid that were attributable to his employment with Defendants.

17. Defendants' agreement to pay all of Plaintiff's tax obligations to Singapore was specifically negotiated by Plaintiff, and was an integral part of the parties' contract. Defendants' contractual commitment to pay these taxes was one of the principal reasons Plaintiff agreed to accept employment with Defendants.

18. Mr. Shah was well qualified for his job and performed with excellence. As a result, he was offered a promotion and raise in or around March 22, 2021 to VP/GM Global Commercial.

19. The terms of this new position are detailed in the 2021 Contract.

20. The 2021 Contract contained the same provisions as the 2019 Contract regarding payment of Mr. Shah's Singapore taxes and location, and it specified his eligibility for various benefits. Specifically, the 2021 Contract includes the following:

    a. The fourth full paragraph on the first page provides, in relevant part:

        > You will be eligible to participate in any employee benefit plan that the Company has adopted or may adopt, maintain, or contribute to for the

      benefit of its regular employees, subject to satisfying any applicable eligibility requirements.

  b. The sixth full paragraph on the first page provides, in relevant part, that "this position will be located in Cincinnati, OH with you on expat assignment to Singapore."

  c. The third full paragraph on the third page provides that Defendants will pay Plaintiff's Singapore taxes. This is explicitly provided in the 2021 Contract as follows:

> **Singapore Expat Allowances**: … **The company will also pay for tax assistance while on assignment to Singapore <u>which includes Singapore tax obligations</u>** and tax filing assistance in Singapore. (emphasis added)

21. Despite this explicit provision, Defendants have not paid Mr. Shah's 2021 Singapore tax obligations. Nor have they paid Mr. Shah's 2022 Singapore tax obligations for the portion of 2022 that Mr. Shah was employed by Defendants.

22. In accordance with the Contracts, and as noted previously, Defendants paid the taxes owed to Singapore on Plaintiff's 2020 income. Defendants are now demanding, however, that Mr. Shah repay them a portion of the Singapore taxes they paid because Plaintiff received a tax refund on his 2020 U.S. taxes. In accordance with the 2019 and 2021 Contracts, however, Defendants were to pay all Singapore taxes, and there was no provision for any reimbursement to Defendants as the result of any U.S. tax refund or for any other any reason.

23. In an email dated February 17, 2022 and attached hereto as **Exhibit C**, Defendants' own accounting firm and agent, KPMG, wrote to Mr. Shah:

> I talked with ASP regarding your employment contract and taxes. … What this means for 2020 is that ***you would not owe ASP anything related to 2020 taxes.***

5

> ***For 2019, ASP would owe you the Singapore tax*** you funded on the ASP portion f[SIC} the 2019 Singapore liability. (Emphasis added)

24. And in an email dated January 27, 2022, KPMG wrote to Mr. Shah that "ASP should cover 100% of Singapore tax on ASP income."

25. Mr. Shah was well qualified for his new position, and continued to perform with excellence. This fact was acknowledged by ASP by, for example, indicating in his performance rating that he was meeting expectations for 2021, and asking him to return to and work for ASP in the United States.

26. Late in 2021 there was a change in Mr. Shah's management, and he began to report to and be managed by Aisha Barry. Mr. Shah was belittled by Ms. Barry, and was treated differently by her in comparison to his peers, none of whom shared his race, ethnicity, or skin color.

27. For example, Ms. Barry once asked Mr. Shah's colleagues to comment on a presentation he had given, and instructed Mr. Shah he could not speak or respond to their comments, other than to say only "thank you for your feedback." This deliberate and public humiliation was hurtful and belittling to Mr. Shah.

28. After three years of excellent service to Defendants, Mr. Shah was terminated on March 30, 2022, without notice and without cause.

29. Prior to this termination, Mr. Shah had never received any warnings or reprimands about his job performance.

30. Defendants have failed and refused to pay Plaintiff's earned but unused PTO that he had accrued at the time of his termination.

31. Despite (1) the clear, unambiguous, and express language of the 2019 and 2021 Contracts, (2) the fact that they paid the Singapore taxes for 2020 in accordance with the 2019

6

Contract, and (3) the professional opinions they received from their own highly respected accounting firm, Defendants have since refused, and continue to refuse, to pay the taxes owed to Singapore on Plaintiff's income there in 2019, 2021, and 2022, and are demanding that he repay them a portion of the Singapore taxes they paid on his behalf for 2020.

32. The Singapore tax liability owed on Mr. Shah's income earned in 2021 and 2022 is $218,167.74 (in Singapore dollars).

33. Defendants owe Mr. Shah $81,486 (in U.S. dollars) for the portion of his Singapore tax liability that is attributable to his employment with Defendants in 2019.

34. Notices of the taxes due have been presented to Defendants, together with requests that Defendants pay them, but those requests have been ignored.

35. Effective May 5, 2022, Defendants have also cancelled Mr. Shah's employment pass, which allowed Mr. Shah to work and live in Singapore.

36. As a result of Defendants' improper termination of Mr. Shah's employment, cancelling of his employment pass, and breaches of the 2019 and 2021 Contracts, Plaintiff is facing imminent and dire consequences for non-payment of Singapore taxes, including but not limited to the levying of penalties as well as the freezing of his bank accounts, seizure of his assets, and imprisonment.

37. Mr. Shah has also been facing imminent prosecution by the Singapore government for not leaving Singapore. Mr. Shah, however, has been able to obtain a personal employment pass ("PEP") that allows him to stay in Singapore for six more months.

38. If, however, Mr. Shah is not able to find employment in Singapore within those six months, he will be required to leave Singapore, and if he does not leave under such circumstances,

he will face prosecution from the Singapore government that could result in thousands of dollars in fines and many months' imprisonment.

39. Mr. Shah cannot leave Singapore unless and until Defendants satisfy their contractual obligation to pay his Singapore tax obligations on the income Defendants paid him.

40. Defendants' actions are not only stranding Mr. Shah in Singapore and subjecting him to the penalties of Singapore prosecution, but also preventing him from returning to the United States to find another job, preventing him from travelling to visit his ailing father, causing him to continue to incur the expense of living in Singapore, and causing him substantial emotional and mental anguish.

## FIRST CAUSE OF ACTION
### (Breach of 2019 and 2021 Contracts)

41. Plaintiff incorporates the foregoing allegations as if fully restated here.

42. The 2019 and 2021 Contracts are valid and enforceable.

43. Plaintiff has satisfied all of his obligations under the 2019 and 2021 Contracts.

44. Defendants are in breach of the 2019 and 2021 Contracts by (1) failing to pay Mr. Shah's 2019 Singapore tax obligation for the period during which he was employed by Defendants; (2) failing to pay Mr. Shah's 2021 Singapore tax obligation; (3) failing to pay Mr. Shah's 2022 Singapore tax obligation for the portion of 2022 during which Mr. Shah was employed by Defendants; and (4) demanding the return of a portion of the 2020 Singapore taxes paid by Defendants under the 2019 Contract.

45. As a direct and proximate result of Defendants' breaches of the 2019 and 2021 Contracts, Plaintiff has been injured in an amount to be proven at trial, and is facing thousands of dollars in penalties as well as imminent prosecution from the Singapore tax authority that

could result in, but not be limited, to the freezing of his bank accounts, seizure of his assets, and imprisonment.

46. And, as an additional direct and proximate result of Defendants' breaches of the 2019 and 2021 Contracts, if Plaintiff does not find a job in Singapore over the next six month, he will also be facing prosecution from the Singapore government that could result in thousands of dollars in fines and many months' imprisonment.

47. Mr. Shah is entitled to immediate and permanent injunctive relief ordering Defendants to reimburse Mr. Shah for his Singapore tax obligations for the portion of 2019 that he was employed by Defendants, to pay his Singapore tax obligations for 2021 and for the portion of 2022 during which he was employed by Defendants, and to cease their demand that he repay them a portion of the 2020 Singapore taxes they paid.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment)

48. Plaintiff incorporates the foregoing allegations as if fully restated here.

49. Under 28 USCS § 2201 *et seq.*, any court of the United States may declare rights, status, and other legal relations whether or not further relief is or could be claimed.

50. Under the explicit terms of the 2019 Contract and the 2021 Contract, Defendants must pay all of Mr. Shah's Singapore taxes incurred as a result of his employment with Defendants.

51. Plaintiff is entitled to and seeks a declaratory judgment from the Court determining that under the terms of the 2019 and 2021 Contracts Defendants are obligated to pay all of Plaintiff's Singapore taxes incurred in 2019, 2020, 2021 and 2022 as the result of his employment with Defendants, and ordering Defendants to immediately pay such obligations for 2021 and 2022 and to reimburse Plaintiff for the 2019 obligation. Plaintiff further asks

for an order that Defendants cease their demands that he repay them a portion of the Singapore taxes they paid in connection with Plaintiff's employment in 2020.

## THIRD CAUSE OF ACTION
### (Discrimination; 42 U.S.C. §1981)

52. Plaintiff incorporates the foregoing allegations as if fully restated here.

53. In violation of 42 U.S.C. §1981, Defendants discriminated against Plaintiff on the basis of his race, ethnicity, and skin color when it terminated his employment without just cause.

54. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered, and continues to suffer, damages in the form of the loss of his employment, the threat of criminal prosecution carrying significant penalties, lost wages and benefits, humiliation, embarrassment, fear, anxiety, mental anguish, and emotional distress.

55. The aforesaid conduct of Defendants was deliberate, malicious, and intentional, and exhibited a reckless disregard for Plaintiff's rights that had a great probability of causing substantial harm. Accordingly, Plaintiff is entitled to punitive damages in amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Breach of Express or Implied Contract Paid Time Off)

56. Plaintiff incorporates the foregoing allegations as if fully restated here.

57. Defendants had an express or implied contract with Plaintiff that he would receive a certain amount of Paid Time Off as a benefit of his employment.

58. Defendants breached this contract by refusing to pay Plaintiff for his accrued but unused PTO upon his termination.

59. As a direct and proximate result of Defendants' breach of the Contract, Plaintiff has been injured in an amount to be proven at trial, plus interest and costs.

## FIFTH CAUSE OF ACTION
### (Quantum Meruit/Unjust Enrichment
### Paid Time Off)

60. Plaintiff incorporates the foregoing allegations as if fully restated here.

61. As alleged above, Plaintiff is entitled to damages for breach of express or implied contract based on Defendants' refusal to pay Plaintiff for PTO he earned and was entitled to. In the alternative, Plaintiff pleads that he is entitled to damages under the quasi-contractual theories of quantum meruit and unjust enrichment.

62. Plaintiff conferred a benefit on Defendants by his work for Defendants, and thus Defendants received the full benefit of Plaintiff's employment without incurring the cost of Plaintiff's accrued PTO.

63. Defendants had knowledge of the benefit conferred upon them.

64. Defendants were thus unjustly enriched at the expense of Plaintiff.

65. The benefit was conferred upon Defendants under such circumstances as would make it inequitable for Defendants to retain the benefit of the same without compensating Plaintiff for the benefit he conferred.

66. Accordingly, Plaintiff is entitled to damages in an amount to be proven at trial, plus interest and costs

**WHEREFORE**, Plaintiff Nilesh Shah prays that judgment be entered in his favor against Defendants Fortive Corporation, Advanced Sterilization Products, Inc., and Advanced Sterilization Products Services, Inc., jointly and severally, as follows:

a. An order granting declaratory judgment that, under the terms of the 2019 and 2021 Contracts, Defendants are obligated to pay all of Plaintiff's Singapore taxes for 2019, 2020, 2021 and 2022 incurred as the result of his employment with Defendants, and

ordering Defendants to immediately pay such obligations for 2021 and 2022, reimburse Plaintiff for the 2019 Singapore taxes he paid, and cease demands that Plaintiff repay them a portion of the Singapore taxes Defendants paid (and was obligated to pay) in connection with Plaintiff's employment in 2020;

b. The issuance of an immediate and permanent injunction ordering Defendants to pay all of Mr. Shah's Singapore tax obligations for 2021 and 2022 incurred as a result of his employment with Defendants, to reimburse Plaintiff for his 2019 Singapore taxes resulting from his employment with Defendants, and to cease demands that Plaintiff repay them a portion of the Singapore taxes Defendants paid in connection with Plaintiff's employment in 2020;

c. An order directing Defendants to perform immediately any and all other acts that may be required to obtain permission from the government of Singapore to leave the country and return to the United States;

d. An order directing Defendants to pay monetary damages to Plaintiff in an amount to be determined at trial for Defendants' breaches of the 2019 and 2021 Contracts;

e. An award of all his pay and benefits Plaintiff lost as a result of Defendants' unlawful employment discrimination;

f. Awards of compensatory and punitive damages in amounts to be determined at trial;

g. A permanent injunction prohibiting Defendants from engaging in further acts of discrimination against its employees based on race, ethnicity, and/or color;

h. Plaintiff's attorneys' fees, court costs, and expenses of litigation incurred in the prosecution of this action; and

i. Any and all other further relief to which Plaintiff may be entitled in law or in equity.

*/s/ Stephen E. Imm*
Stephen E. Imm (40068)
Matthew S. Okiishi (0096706)
Rebecca L. Simpson (0064004)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
Telephone: (513) 943-6650
Facsimile: (513) 943-6669
stephen@finneylawfirm.com
matt@finneylawfirm.com
rebecca@finneylawfirm.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Stephen E. Imm*
Stephen E. Imm (40068)

## VERIFICATION

I, NILESH SHAH, of full age, hereby states the following under penalty of perjury: I have read the foregoing *Plaintiff's Verified Complaint for Declaratory Judgment, Injunctive Relief, and Damages* and know the contents thereof. I hereby affirm that the allegations therein are true, except those made on information and belief, which I believe to be true.

                                                                      _NMShah_
                                                                     Nilesh Shah

Dated: June 2nd, 2022