IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| NILESH SHAH, | : |
| *Plaintiff*, | : Case No. 1:22-cv-312 |
| v. | : Judge Jeffery P. Hopkins |
| FORTIVE CORP., *et al.*, | : Chief Magistrate Judge Stephanie K. Bowman |
| *Defendants*. | : |

**OPINION & ORDER**

This dispute between Plaintiff Nilesh Shah and Defendant Fortive Corp., among other affiliated defendants, who were once his employers, is before the Court on Mr. Shah's Objection (Doc. 59) to Chief Magistrate Judge Bowman's denial of a protective order. To briefly summarize the dispute, defendants originally noticed Mr. Shah's deposition to be taken in Cincinnati. *See* Doc. 53. Mr. Shah then asked Judge Bowman, who has been adjudicating discovery disputes in this matter, for a protective order precluding Defendants from compelling him to appear in-person for his deposition. Doc. 57, PageID 721. In the conference in which that request was made, Defendants offered a compromise under which they would take Mr. Shah's deposition on the west coast, and they would work with him to avoid scheduling conflicts. *Id.* at PageID 727. Magistrate Judge Bowman denied Mr. Shah's request for a protective order, *id.* at PageID 729, and Defendants subsequently noticed his deposition for October 10, 2025, in Seattle, Washington. Doc. 58. Mr. Shah then filed the Objection to the Magistrate Judge's ruling presently under consideration. Doc. 59.

For the reasons explained below, Mr. Shah's Objection (Doc. 59) is **OVERRULED**.

I.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72, objections to a non-dispositive order by a magistrate judge may be filed within 14 days of the issuance of the order. The Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to the magistrate judge's findings of fact and the contrary to law standard applies to the magistrate judge's conclusions of law. *Ludwick v. Warden, Chillicothe Corr. Inst.*, No. 1:24-cv-51, 2025 U.S. Dist. LEXIS 95859, *2 (S.D. Ohio May 20, 2025). A finding of fact is clearly erroneous where "it is against the clear weight of evidence or where the court is of the definite and firm conviction that a mistake has been made." *Id.* (citation omitted). "A decision is contrary to law if the magistrate judge has ignored or misapplied the applicable law." *Id.*

Additionally, the Court need not wait to rule on objections of this kind until the opposing party has responded. *See Gale v. O'Donohue*, 824 F.App'x 304, 311 (6th Cir. 2020).

II.     LAW & ANALYSIS

Mr. Shah makes two principal arguments: first, that Magistrate Judge Bowman inappropriately relied on a presumption that a plaintiff's deposition should be taken in the forum where the plaintiff filed suit; and second, that the Magistrate Judge failed to consider the three factors—cost, convenience, and litigation efficiency—that *should* be considered when evaluating a motion for a protective order regarding the location of a deposition.

As to the presumption that a plaintiff's deposition should be taken in the forum where he or she filed suit, Magistrate Judge Bowman accurately stated the law. It is, in fact, the "general rule" that the "proper location of a plaintiff's deposition . . . is in the forum where the litigation is pending." *Scooter Store, Inc. v. Spinlife.com, LLC*, No. 2:10-cv-18, 2011 U.S.

Dist. LEXIS 57283, *6–*7 (S.D. Ohio May 25, 2011). *See also El Camino Res. Ltd. v. Huntington Nat'l Bank*, No. 1:07-cv-598, 2008 U.S. Dist. LEXIS 52688, *8 (W.D. Mich. June 20, 2008) ("Ordinarily, the plaintiff, having selected the forum, will not be heard to complain about having to appear there for deposition.") (citation and internal quotation marks omitted). This "general rule" is not persuasive in all cases. *See Scooter Store*, 2011 U.S. Dist. LEXIS 57283, *7. Nonetheless, Magistrate Judge Bowman accurately stated the general rule, and Mr. Shah bears the burden of showing "good cause" for why the rule should not be followed in this instance. *El Camino Res. Ltd.*, 2008 U.S. Dist. LEXIS 52688, *9 ("The general rule can be overcome by a showing of 'good cause' under Rule 26(c).").

Mr. Shah points out that this presumption is given less weight where a Plaintiff has not selected the forum, and he argues this is the case here, because he had little choice but to file suit in this district given that his employment contracts specified that his position was based in Cincinnati, Ohio (even though he worked in Singapore[1]). Doc. 59, PageID 735. There are, however, two problems with this line of argument. First, the caselaw Mr. Shah points to generally relates to circumstances in which a defendant successfully moved to transfer venue. *See Scooter Store, Inc.*, 2011 U.S. Dist. LEXIS 57283, *7 ("[T]his presumption wanes, where, as here, the plaintiff is not litigating in his choice of forum as a consequence of a defendant's successful motion to transfer venue. . . ."). That is not the case here.[2] Second, and more to the point, the caselaw Mr. Shah cites in this portion of this objection relates to disputes between parties over where geographically—within the United States—depositions should be taken. *See* Doc. 59, PageID 733–736 (*citing Scooter Store*, 2011 U.S. Dist. LEXIS

---

[1] *See* Doc. 59, PageID 738 n.3
[2] To put a finer point on it, contrary to Mr. Shah's representation, Doc. 59, PageID 736, he *did* voluntarily choose this forum for his lawsuit. That this is the proper forum for the lawsuit does not change that fact.

57283, *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 737 F.Supp.3d 611 (E.D. Mich. June 18, 2024), *and Brasfield v. Source Broadband Servs., LLC*, 255 F.R.D. 447 (W.D. Tenn. May 23, 2008)). Here, by contrast, the parties' dispute is over whether Mr. Shah's deposition will be taken in the United States—defendants have proved to be flexible on where—or remotely in Singapore. Mr. Shah notes that he "certainly could not have filed [this lawsuit] in Singapore – where he lives and works." Doc. 59, PageID 735. That may be true. Nonetheless, he is availing himself of the United States courts and he can and should expect to be required to return to the United States periodically in order to prosecute his case. It is certainly the case that Mr. Shah must return to the United States—and this district, in particular—for trial.

Mr. Shah next argues that the proper factors for Judge Bowman to consider in evaluating his motion for a protective order were "cost, convenience, and litigation efficiency," and these factors weigh in favor of his being allowed to participate in his deposition remotely. Doc. 59, PageID 737 (citing *Hunter v. Rhino Shield*, No. 2:18-cv-1097, 2019 U.S. Dist. LEXIS 238027 (S.D. Ohio Nov. 13, 2019)). He also identifies cases where courts granted protective orders requiring depositions be taken remotely. *See* Doc. 59, PageID 736–38.

As to the factors Mr. Shah enumerates, the Court agrees that these express important considerations, but concludes that Magistrate Judge Bowman adequately addressed them in her analysis of whether he demonstrated good cause for a protective order. With respect to cost, she noted that Mr. Shah has not claimed financial hardship, and his costs of travel "appear to be relatively slight in comparison to the significant monetary damages that [he] seeks." Doc. 57, PageID 726. With respect to convenience, she noted that Mr. Shah is able-bodied, cites no physical impediments to travel, and is an Ohio resident despite currently

living in Singapore. Doc. 57, PageID 726.[3] She also noted that Plaintiffs seek to depose Mr. Shah in person because this is a complex case and one that depends on Mr. Shah's credibility, Doc. 57, PageID 724, which is relevant to litigation efficiency. *See Hunter v. Rhino Shield*, 2019 U.S. Dist. LEXIS 238027, *6 ("With respect to the third factor of litigation efficiency, the Court is advised to examine (1) its own ability to intervene to resolve disputes during depositions and (2) the ease or difficulty of the parties and witnesses in bringing relevant documents to the site.") (citation and internal quotation marks omitted).

Finally, the cases cited by Mr. Shah do not persuade the Court that Magistrate Judge Bowman's ruling was contrary to law. *Rehau, Inc. v. Colortech, Inc.* involved depositions of employees of a plaintiff corporation that were limited in scope and taken at a relatively late stage in the litigation. 145 F.R.D. 444, 445 (W.D. Mich. Jan. 7, 1993) (stating that scope of depositions to be taken was "limited to inquir[i]es regarding each deponent[']s involvement in [certain] corporate meetings."). Here, by contrast, the testimony of Mr. Shah, the sole plaintiff, and the key witness, will likely touch on every aspect of this case. Similarly, *Rhino Shield* involved the deposition of a party who, at least by his own telling, had only "limited" involvement in the case at issue. 2019 U.S. Dist. LEXIS 238027, *8. There is no indication he was the central witness in the case, as here. Further, he was the defendant in that action, not the plaintiff. *Mosley v. Friauf* involved allegations that attending a deposition in person imposed "substantial financial hardship" on the plaintiff and an undisputed assertion by plaintiff that "credibility [was] not at issue for the deposition." No. 3:22-cv-120, 2023 U.S. Dist. LEXIS 96449, *6 (E.D. Tenn. June 2, 2023). Last, *Gould Elecs. Inc. v. Livingston Cty. Rd.*

---

[3] She also considered his arguments regarding his need to care for his ailing father, but concluded he failed to demonstrate that attending his in-person deposition would create a significant hardship for him in carrying out these responsibilities. *See* Doc. 57, PageID 726–27.

*Comm'n* is a case from the height of the COVID-19 pandemic regarding the propriety of conducting a bench trial by videoconference, where the court concluded the trial could not be held in-person. 470 F.Supp. 3d 735, 741 (E.D. Mich. June 30, 2020). The general characteristics of videoconferencing discussed in that case do not carry significant weight here, where all parties agree an in-person deposition is possible.

To summarize, there was no clear error of fact or misapplication of law in the well-reasoned decision reached by Chief Magistrate Judge Bowman that Mr. Shah failed to establish good cause for a protective order. She correctly noted that while remote, videotaped depositions are now commonplace, "the law changes slowly," and right now, "the presumption that the plaintiff may be deposed in person in the district where he filed suit remains." Doc. 57, PageID 725. The "routine inconvenience and expense that is incident to participation in litigation by any party who chooses to file suit in a forum distant from their residence" does not amount to good cause for an order compelling a remote deposition. *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 737 F. Supp.3d at 618–19.

### III. CONCLUSION

For the foregoing reasons, Mr. Shah's Objection (Doc. 59) is **OVERRULED**.

**IT IS SO ORDERED.**

September 19, 2025

Jeffery P. Hopkins
United States District Judge