**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| NILESH SHAH, | : | |
| | : | |
| *Plaintiff,* | : | Case No. 1:22-cv-00312 |
| | : | |
| v. | : | Judge Jeffery P. Hopkins |
| | : | |
| FORTIVE CORPORATION, *et al.,* | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

---

### OPINION AND ORDER

---

The matter before the Court is Plaintiff Nilesh Shah's ("Plaintiff" or "Mr. Shah")

Motion in Limine to Exclude Defendants' Expert Report, or in the Alternative for an

Extension of Time to File a Rebuttal Expert Report (Doc. 49) (the "Motion"). In the Motion,

Plaintiff asks the Court to bar the expert report prepared by Dr. Doron Narotzki, an associate

professor of taxation and business law, for purposes of trial, summary judgment, or for any

other purpose. Doc. 49, PageID 564, 571. Defendants Fortive Corporation, Advanced

Sterilization Products, Inc., Advanced Sterilization Products Services, Inc. (collectively,

"Defendants") filed a response in opposition (Doc. 51) to which Mr. Shah replied (Doc. 52).

The Court heard oral argument on April 22, 2026, and took the Motion under advisement.

Notation Order, 4/22/26. For the reasons provided below, Plaintiff's Motion (Doc. 49) is

**GRANTED IN PART** and **DENIED IN PART**.

### I.      BACKGROUND

Mr. Shah accepted a position as Vice President of International Sales & Service in

2019 and was assigned to live and work in Singapore for Defendants. Pl's Ex. A, Doc. 37,

1

PageID 485. His employment terms were set forth in a letter of employment signed March 8, 2019, and later amended by a promotional offer, which was signed on May 4, 2021 (collectively, the "Letters of Employment"). *Id.* at PageID 485–90. Both Letters of Employment contain a similar provision titled "Singapore Expat Allowances," which provides, in relevant part: "[t]he company will also pay for tax assistance while on assignment to Singapore which includes Singapore tax obligations and tax filing assistance in Singapore." *Id.* In the present action, Mr. Shah contends that these provisions obligated Defendants to pay his Singapore income tax liabilities for tax years 2019 and 2021, and that the Letters of Employment are unambiguous on this point. *Id.* at PageID 483; Doc. 49, PageID 568. On the other hand, Defendants maintain that the clauses refer only to administrative or compliance-related tax assistance, not a financial obligation to assume Mr. Shah's personal tax liabilities. Doc. 83, PageID 1924.

On June 16, 2025, Defendants served on Mr. Shah an expert report by Dr. Doron Narotzki, an associate professor of taxation and business law and director of the Master of Taxation Program at the University of Akron. Doc. 49, PageID 565, 572. Dr. Narotzki's work centers on "international, corporate, and personal taxation," including "tax regimes, balancing tax treaty obligations, [and] regulatory reporting requirements" in the United States and abroad. *Id.* at PageID 572. On July 3, 2025, Mr. Shah filed a Motion in Limine to Exclude Defendants' Expert Report, or in the Alternative for an Extension of Time to File a Rebuttal Expert Report (Doc. 49). In the Motion, Mr. Shah argues that Dr. Narotzki's report is nothing more than a legal opinion presented as an expert opinion, in violation of Rule 702 of the Federal Rules of Evidence. Doc. 49, PageID 564. If Dr. Narotzki's report is admitted into evidence, Mr. Shah also seeks an additional forty-five days to file a rebuttal expert report.

*Id.* From Defendants' perspective, Dr. Narotzki's report should not be excluded because it offers "helpful testimony on the contractual industry standards." Doc. 51, PageID 636 ("Dr. Narotzki has significant expertise not only in expatriate employee tax planning, but specifically as it applies to expatriate employees working in Singapore like Plaintiff."). Defendants filed a response to the Motion advocating for allowance of the expert report (Doc. 51); Mr. Shah replied restating his opposition (Doc. 52). The matter is now ripe for consideration.

## II.    LAW AND ANALYSIS

Rule 702 governs the admissibility of expert opinions. *See* Fed. R. Evid. 702. Pursuant to the Rule, a qualified expert may testify in the form of an opinion if the testimony will help the trier of fact understand the evidence or determine a fact in issue, is based on sufficient facts or data, is the product of reliable principles and methods, and reflects a reliable application of those methods to the facts.[1] *Id.* Here, Mr. Shah seeks to exclude Dr. Narotzki's expert report from use "at trial, in any motion for summary judgment, or for any other purpose" for two reasons primarily: First, Mr. Shah argues that Dr. Narotzki's opinion is conclusory and therefore inadmissible under Rule 702, and second, the opinion violates traditional rules of contract interpretation. Doc. 49, PageID 566.

To begin, it is important to note that the exclusion of expert testimony "is the exception, rather than the rule." *Burgett v. Troy-Bilt LLC*, 579 F. App'x 372, 376 (6th Cir. 2014) (quoting *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 530 (6th Cir. 2008)); *Trs. Main/270*

---

[1]    Fed. R. Evid. 702 provides as follows: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

*LLC v. ApplianceSmart, Inc.*, No. 2:22-cv-1938, 2025 WL 1285746, at *2 (S.D. Ohio May 4, 2025) ("Orders in limine which exclude broad categories of evidence should seldom be employed."). And the party offering an expert opinion has the burden of establishing its admissibility by a preponderance of the evidence. *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001).

### A. The Scope of Dr. Narotzki's Opinion

The Court begins with the long-standing principle that "expert opinion may embrace ultimate issues to be decided by the jury, [however] the expert is not permitted to draw a legal conclusion and is only permitted to state an opinion 'that suggest[s] the answer to the ultimate issue or that give[s] the jury all the information from which it can draw inferences as to the ultimate issue.'" *Cook v. Erie Ins. Co.*, 478 F. Supp. 3d 658, 664 (S.D. Ohio 2020) (quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) (stating that a court would not be permitted to "allow a fingerprint expert in a criminal case to opine that a defendant was guilty (a legal conclusion), even though we would allow him to opine that the defendant's fingerprint was the only one on the murder weapon (a fact). The distinction, although subtle, is nonetheless important."). Here, Mr. Shah argues that Dr. Narotzki's report "is no more than . . . [a] legal opinion disguised as an 'expert report'" because it (1) considers whether the Letters of Employment imposed a contractual obligation upon Defendants to pay Plaintiff's Singapore taxes; (2) recites case law and applies legal doctrines such as the Plain Meaning Rule to the facts in the case; and (3) asserts legal conclusions that Defendants had no legal duty to pay Mr. Shah's Singapore taxes under the Letters of Employment. Doc. 49, PageID 564–67, 73 ("I conclude that the Defendants did not undertake responsibility for the Plaintiff's personal Singapore income tax liabilities.").

4

Based on the express language contained in Rule 702 and the case law emanating from the Sixth Circuit construing it, the Court agrees with Plaintiff. Portions of Dr. Narotzki's report impermissibly cross over the line between what can be fairly considered as expert opinion into territory which clearly constitutes a legal conclusion. Indeed, Dr. Narotzki's opinion attempts to address the precise legal question now before the Court: whether under the Letters of Employment agreed upon by the Parties, Defendants were obligated to pay Mr. Shah's Singapore taxes. Doc. 49, PageID 593 ("The language . . . does not establish a promise by Defendants to pay the Plaintiff's Singapore tax liabilities."); *Id.* at PageID 607 ("[T]he Plaintiff bears the full Singapore tax liability on his compensation."); *Id.* at PageID 612 ("Defendants had no obligation to reimburse any Singapore tax liabilities.").

To be clear, the question of whether Defendants were obligated to pay Mr. Shah's Singapore tax liabilities is one for a jury or the Court to determine, if appropriate on summary judgment,[2] not for an expert. *U.S. ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 301 (6th Cir. 1998) ("[O]f course, 'experts' may not testify as to the legal effect of a contract.") (quoting *CMI–Trading, Inc. v. Quantum Air, Inc.*, 98 F.3d 887, 890 (6th Cir.1996)). Yet, that is exactly the conclusion Dr. Narotzki attempts to draw in his report. Doc. 49, PageID 615 ("It is my expert opinion that [Defendants] fulfilled their sole obligation pursuant to the Contracts by providing limited administrative tax assistance during Mr. Shah's assignment in Singapore.").

More than just state an impermissible legal conclusion, Dr. Narotzki's report also seeks to apply legal authorities and principles such as the "Plain Meaning Rule," and standards for contract modification to the facts of the case. *Id.* at PageID 596, 99 ("The case

---

[2] Currently, cross motions for summary judgment are pending before the Court. *See* Docs. 77, 83.

5

illustrates that courts enforce contractual provisions based on their plain meaning."); *Id*. at PageID 582 n. 12 ("The administrative and legal complexity of tax equalization programs has been recognized in case law.") *Id*. at PageID 607 ("Defendants' reimbursement of a portion of the Plaintiff's 2020 Singapore tax liability, if it occurred, does not alter the unambiguous terms of the Contracts. Under well-established principles of contract law, a party's unilateral conduct or discretionary payment does not modify a written agreement absent a formal amendment or clear mutual intent to change its terms."). Dr. Narotzki's opinions extend well beyond offering testimony aimed at "suggest[ing] the answer to the ultimate issue or that give[s] the jury all the information from which it can draw inferences as to the ultimate issue,'" to presupposing the legal outcome—in so many words, stating a legal conclusion. *See Berry*, 25 F.3d at 1353. By analogy, in the context presented here, Dr. Narotzki's opinion represents the difference between a fingerprint expert opining in a criminal case that a defendant's fingerprints were the only ones on the murder weapon and restating a legal conclusion that the defendant is in fact guilty of murder. *Id.; United States v. Gordon*, 493 F. App'x 617, 626–27 (6th Cir. 2012) ("Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts."). Accordingly, those portions of Dr. Narotzki's report are inadmissible and will not be considered.

Unfortunately, for Plaintiff, the analysis does not end there. Importantly, the Sixth Circuit has also instructed district courts to use a "a scalpel, not a butcher['s] knife" when deciding admissibility issues related to evidentiary matters. *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 593 (6th Cir. 2009) (citation omitted); *Cook*, 478 F. Supp. 3d at 665; *Sedore v. Landfair*, No. 2:22-cv-10060, 2025 WL 1707639, at *1 (E.D. Mich. Mar. 14, 2025) ("A court should

6

exclude evidence on a motion in limine only when that evidence is determined to be clearly inadmissible on all potential grounds."). Here, because substantial portions of Dr. Narotzki's report address industry practices and specialized expatriate tax concepts, the Court finds that those parts of the report may not be excluded entirely. *See McGowan v. Cooper Indus., Inc.*, 863 F.2d 1266, 1272–73 (6th Cir.1988) (expert opinion permissible as to industry standards); *In re Com. Money Ctr., Inc.*, 737 F. Supp. 2d 815, 839 (N.D. Ohio 2010) ("[Expert witness] may testify to the content of industry standards but will be precluded from testifying as to breach of those standards."). Mr. Shah, however, urges the Court to bar all of Dr. Narotzki's report— for purposes of trial, summary judgment, and for any other objective sought for use in this litigation. Doc. 49, PageID 564. But as noted, "[o]rders in limine which exclude broad categories of evidence should seldom be employed." *Trs. Main/270 LLC*, 2025 WL 1285746, at *2.

Here, Dr. Narotzki's report properly explains how the industry uses terms like "tax assistance," "tax equalization," and "tax protection," and describes common structural features of expatriate tax arrangements between employers and employees, such as gross-up provisions, hypothetical tax calculations, and reconciliation mechanisms, in a way that will provide useful context for the jury (should the claims survive summary judgment) in understanding Mr. Shah's expatriate Letters of Employment related to Defendants. Doc. 49, PageID 574, 586, 604 ("Pursuant to industry norms, employers that agree to pay an employee's foreign tax typically would include some form of a gross up provision to preserve the intended after-tax benefit, especially at the executive level."). Dr. Narotzki's statements as to industry standards regarding expatriate agreements provide critical information that can assist the trier of fact in understanding specialized terminology and industry customs in an

area far outside ordinary experience. So long as Dr. Narotzki's opinion is descriptive of industry practices and standards—without opining on the ultimate legal question in the action or testifying as to the legal effect of the Letters of Employment—a distinction that is subtle but yet important—these portions of the report are admissible, pursuant to Rule 702.

### B. Mr. Shah's "Four Corners" Argument

Mr. Shah separately asserts that Dr. Narotzki's report is inadmissible because it relies on extrinsic documents and maintains that this Court cannot consider such evidence when the Letters of Employment are unambiguous. Doc. 49, PageID 567. We first note that Mr. Shah's contention goes to the merits of contract interpretation rather than to the admissibility of expert opinion. *See Petty v. Metro. Gov't of Nashville*, 687 F.3d 710, 720–21 (6th Cir.2012); *Hinkle v. Ford Motor Co.*, No. 3:11-24-DCR, 2012 WL 5868899, at *8 (E.D. Ky. Nov. 20, 2012) (declining to decide substantive contract issues on a motion in limine). Regardless, however, Mr. Shah's assertion is only partially correct. Mr. Shah is correct that generally courts may not consider extrinsic evidence when a contract is unambiguous. *Eastham v. Chesapeake Appalachia, LLC*, 754 F.3d 356, 361 (6th Cir. 2014); *Fam. Tacos, LLC v. Auto Owners Ins. Co.*, 520 F. Supp. 3d 909, 920 (N.D. Ohio 2021) ("Ambiguity means the contract language 'cannot be determined from the four corners of the agreement.'") (citation omitted).

However, well established Sixth Circuit authority holds that district courts *may* consider extrinsic evidence when "expert testimony provides a different meaning [of a term], particular to the industry involved." *Constr. Interior Sys., Inc. v. Marriott Family Rests., Inc.*, 984 F.2d 749, 756 (6th Cir. 1993) ("[C]ontract terms are to be given their plain, ordinary meaning unless: (1) expert testimony provides a different meaning, *particular to the industry involved*; (2) some other meaning is clearly evident from the face or overall content of the instrument; or

(3) manifest absurdity would result."). Accordingly, Mr. Shah's assertion that the Letters of Employment are "unambiguous" does not bar industry-specific expert opinions on how "tax assistance" is understood in expatriate employment practice, where the term has a specialized meaning.[3] Doc. 49, PageID 568; *see* Pl's Exs. A–B, Doc. 37, PageID 485–90. Dr. Narotzki may therefore address the industry meaning of such term regardless of whether the Letters of Employment are ultimately found ambiguous or unambiguous.

### C. Mr. Shah's Alternative Request for Additional Time

Mr. Shah requests, in the alternative, that he be permitted to serve a rebuttal expert report upon Defendants forty-five days from the Court's ruling on this matter and likewise use that evidence in prosecuting his claim for breach of contract. Doc. 49, PageID 569–70. Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a calendar order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Of equal importance, courts have recognized that, "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272 (6th Cir. 2021) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted)). At the Parties' request on March 20, 2025, the Court granted an extension for Mr. Shah and Defendants to file expert reports, thereby extending the filing deadline from March 24, 2025, to May 8, 2025. Docs. 35, 44, 45. Mr. Shah, however, failed to file an expert report. He also

---

[3] Given that the Court has determined that Dr. Narotzki's expert testimony on industry usage is admissible, it need not decide whether the phrase "tax assistance" as used in the Letters of Employment are ambiguous under Ohio contract law. *See Constr. Interior Sys., Inc.*, 984 F.2d at 756. It bears noting, however, that in ordinary usage, the term "assist" means "to give . . . supplementary support or aid to," which does not itself resolve whether "tax assistance" refers to administrative support, payment of taxes, or some combination thereof. *See Assist*, *Merriam-Webster's*, https://www.merriam-webster.com/dictionary/assist (last accessed May 22, 2026). Thus, industry-usage expert testimony is precisely the type of evidence that may be helpful, at the summary judgment or trial stage, when attempting to discern the meaning of and intent of the Parties by use of the term "tax assistance" in the Letters of Employment in dispute in this litigation.

failed to file a rebuttal expert report, pursuant to Rule 26(a)(2)(D)(ii), which would have allowed him to serve any rebuttal report within thirty days of Defendants' service of Dr. Narotzki's report—or by July 16, 2025.

Here, Mr. Shah acknowledges that he did not disclose an expert by the extended deadline because he believed, based on Sixth Circuit precedent, that experts may not opine on contract interpretation and that Defendants' attempt to do so would be inadmissible. Doc. 52, PageID 709 ("Plaintiff did not engage an expert to give an opinion on contract interpretation – as Defendants have done – because such an opinion would clearly be inadmissible under the Federal Rules of Evidence and binding Sixth Circuit precedent."). That belief has proven only partially correct: as provided in this Order, the Court is excluding substantial portions of Defendants' expert report for stating impermissible legal conclusions and opining as to the legal effect of the Letters of Employment. At the same time, however, the Court has determined that Defendants may present expert testimony limited to opinions related to expatriate-tax industry practices and terminology—evidence that Mr. Shah might reasonably wish to rebut with his own expert.

Under these circumstances, the Court finds limited good cause to permit a narrowly tailored rebuttal. Mr. Shah's request for forty-five days is longer than necessary and would risk disrupting the existing schedule in the case. As such, Mr. Shah may serve a rebuttal expert report only in regard to the same subject matter upon which Dr. Narotzki may testify—namely, the structure and terminology of expatriate tax models and industry practices—and must do so within twenty-one (21) days of the date of this Order. The Court also cautions Mr. Shah that any rebuttal report submitted must be confined to the proper scope of rebuttal under Rule 26(a)(2)(D)(ii); it may respond to, but not expand beyond, the admissible opinions

10

offered by Dr. Narotzki without risking that portion of the report also being excluded. *See Sinomax USA, Inc. v. Am. Signature, Inc.*, No. 2:21-cv-03925, 2022 WL 7180339, at *2 (S.D. Ohio Sept. 30, 2022).

### III.    CONCLUSION

For these reasons, the Court will permit Dr. Narotzki's expert opinion testimony only to the extent that it addresses industry context and specialized meanings for expatriate employment agreements. However, the Court directs that the legal-conclusions contained in the report and any testimony related to the legal effect of the Letters of Employment shall be excluded; Mr. Shah is permitted to file a narrowly tailored limited rebuttal report within twenty-one (21) days of the date of this Order aimed at addressing industry context and specialized meanings for expatriate employment agreements. Accordingly, Plaintiff Nilesh Shah's Motion (Doc. 49) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

May 22, 2026

Jeffery P. Hopkins
United States District Judge

11